## WOOD vs. BELDEN.

In an action to recover a balance of an account for carriages sold to the defendant, repairs, &c., in which account the defendant is credited with the proceeds of the sale of a landau left with the plaintiff by the defendant for sale on his account, the defendant, under an answer containing a general denial, may prove any claim which he may have against the plaintiff for selling the landau contrary to orders limiting the price.

Hence it is erroneous to charge the jury that the items relating to the landau are withdrawn from their consideration, except as to the price agreed to be paid for it, and for repairs.

Interest can be charged upon an account only from the time the account is rendered. It is not allowable upon the various items thereof from date.

APPEAL by the defendant from a judgment entered on the verdict of a jury.

This action was brought to recover for "goods, wares and merchandise, carriages, wagons, sleighs and cutters," and for "labor and services" rendered, and "materials furnished in making repairs on such vehicles, and disbursements paid thereon, and a carriage sold on commission, all reasonably worth $5154.15." The complaint further alleges that there is now due and owing $2255.65, with interest. The answer contained a general denial.

The principal matter in controversy upon the trial related to the sale by the plaintiff of a landau belonging to the defendant. This landau had been sold by the plaintiff to the defendant for $2000, and was sold by the plaintiff on the defendant's account, upon commission, for $898.50, net. The defendant, having bought the landau, after using it three or four times, finding it too heavy, sent it back to the plaintiff to be sold. The plaintiff's salesman, Pray, testified that the defendant authorized him to sell it for $800; that upon presentation of the bill crediting the proceeds of the landau, the defendant objected. The defendant testified that he told Pray that he was not pleased with the carriage, it was too heavy, and he would not submit to any material reduction in selling it, and never authorized him to sell it at $800; that Pray

told him it could· be sold without any sacrifice; that he, the defandant, told Pray he would submit to some sacrifice, but that he never authorized a sale at $800, and did not know the carriage had been sacrificed at $800 till the bill in question came in.

At this stage of the case, the defendant offered to show that the landau was disposed of by the plaintiff without authority, and against the defendant's orders, for a price far below its value, and to show what its real value was. This evidence was objected to, on the ground that no such defense was set up by the answer, and was excluded, and the defendant's counsel excepted.

The court, in charging the jury, withdrew from their consideration the matter of the landau, and to this the defendant excepted.

*Dudley Field,* for the appellant.

I. The principal point to be considered on this appeal, is whether, under a general denial, a defendant may show that an item of credit in the account is incorrèct.· The action is upon a balance of account. The answer traverses the correctness of the balance, and the court held in effect that under this answer no single item could be contested. 1. If the answer was insufficient as an entirety, to the whole account, or the whole balance of account, the plaintiff had his remedy by motion. (*Elton* v. *Markham,* 20 *Barb.* 343.) 2. It was, however, sufficient as a general denial, and being so, it was equally competent for the defendant to contest in detail each item comprising the account. (*Schermerhorn* v. *Van Allen,* 18 *Barb.* 29. *Andrews* v. *Bond,* 16 *id.* 633. *Raymond* v. *Richardson,* 4 *E. D. Smith,* 171. *Bellinger* v. *Craigue,* 31 *Barb.* 534. *Trimble* v. *Stilwell,* ·4 *E. D. Smith,* 512. *White* v. *Spencer,* 14 *N. Y.* 248. *Dauchy* v. *Tyler,* 15 *How.* 404. *Quin* v. *Lloyd,* 41 *N. Y.* 354.)

·II. The admission of evidence to prove interest upon

each item in the account, from the time the service was rendered or the sale made, was objected and excepted to, and the exception was proper. No principle is better settled than that interest does not commence upon a running account until the account is stated or rendered. (*Esterly* v. *Cole*, 3 *N. Y.* 502. *Salter* v. *Parkhurst*, 2 *Daly*, 240. *Wood* v. *Hickok*, 2 *Wend.* 501. *McKnight* v. *Dunlop*, 4 *Barb.* 36.)

*C. A. Arthur*, for the respondent.

I. The evidence offered by the defendant in regard to the landau was properly excluded by the court, on the ground that it was inadmissible under the pleadings. The complaint is for balance due on account, for goods sold, services rendered, materials furnished, &c. The answer amounts to a general denial. No evidence could be admitted to prove facts not set up in the pleadings. In all cases, new matter constituting either an entire or partial defense, must be pleaded, and if not pleaded, such matter cannot be given in evidence. (*McKyring* v. *Bull*, 16 *N. Y.* 297. *Sandford* v. *Travers*, 7 *Bosw.* 498. *Pier* v. *Finch*, 29 *Barb.* 170. *Bucknam* v. *Brett*, 13 *Abb. Pr.* 119. 35 *Barb.* 599. 22 *How. Pr.* 235.)

II. The court was right in charging the jury that the matter of the landau was not to be considered by them, in finding their verdict, for the reasons stated in the first point.

III. There was no misdirection in that part of the charge excepted to by the defendant, in which it is stated that if the repairs made by the plaintiff were proper, and were made upon the application, retainer or employment of the defendant, then he ought to pay for them. 1. It was claimed by the defendant that there was a warranty of the carriages sold him by the plaintiff, for a certain time, against imperfections of workmanship and material, and that a part of the repairs charged for in the plaintiff's

bill (four items, amounting to $65.50,) were rendered necessary from such imperfections; and, under the warranty, no charge should have been made for them. Leaving out the matter of the landau, the whole amount in controversy was $105; of this amount only $65.50, charged for repairs, was claimed by the defendant to come under the warranty; being the items of February 1, April 9, and September 25. The item of July 7, $40, for repairs on depot wagon, was not claimed to come under the warranty, but was for alterations made at the time the wagon was bought. The court charged the jury to turn their attention to the $105, the amount in dispute, and if they thought, from the evidence in the case, that this $105, or any part of it, ought to be deducted from the bill, they would make such deduction. That it depended entirely upon the view they (the jury) took of the evidence in the case, whether they gave the plaintiff the whole amount of his claim. That part of the charge holding the defendant liable for such repairs as were proper and necessary, and that he ordered, is applicable to the repairs not claimed to be under the warranty, and is to be construed in connection with the whole charge. "In considering whether a single proposition contained in a charge is erroneous, it is to be construed in connection with the context. The whole charge, or so much of it as is connected with and tends to modify or explain the part claimed to be objectionable, is to be considered in determining whether an error has been committed." (*Per Curiam, in Sperry* v. *Miller,* 16 *N. Y.* 407.) If the part of the charge excepted to was a mistake, it was cured by the express direction to the jury. (*Aeby* v. *Rapelye,* 1 *Hill,* 9.) 2. The jury was not in any way misled by the part of the charge excepted to, because, in finding their verdict they actually did allow the deductions claimed by the defendant, to the extent of $95.47, nearly the whole amount of them. There was no conflicting evidence whatever, as to the right of

Wood *v.* Belden.

the plaintiff to charge the interest claimed on his bill. It was proved to be properly charged. The deduction of $95.49, made by the jury, must be presumed, therefore, to have been made from the items claimed to be deducted by the defendant. "Where a claim is made up of good and bad items, and there is a general verdict for the plaintiff, it will be intended, on a motion for a new trial, that the verdict was given on the good items only." (*Edwards* v. *Reynolds, Hill and D. Sup.* 53. *Phetteplace* v. *Steere,* 2 *John.* 442.) If there was any misdirection in the part of the charge excepted to, it evidently did not affect the result, and is, therefore, no ground for a new trial. (*Alston* v. *Jones,* 17 *Barb.* 276. *Gardner* v. *Clark, Id.* 538. *De Peyster* v. *Col. Ins. Co.,* 2 *Caines,* 85. *Mansfield* v. *Wheeler,* 23 *Wend.* 79.)

*By the Court,* INGRAHAM, P. J. The judge charged the jury that the items relating to the landau were withdrawn from their consideration, except as to the price agreed to be paid for it, and for repairs. Notwithstanding this, the jury allowed for it on the alleged sale by the plaintiff on the defendant's account. This was an error. The effect of it may have been to conclude the defendant as to any claim which he may have against the plaintiff for selling it contrary to orders limiting the price.

We think, also, interest should only be charged on the account when rendered, and not on the various items from date.

Judgment reversed, and new trial ordered.

[FIRST DEPARTMENT, GENERAL TERM, at New York, April 3, 1871. *Ingraham,* P. J., and *Cardozo,* Justice.]